In re Edilson L. GONCALVEZ, Debtor.

**Sara J. Daneman, Trustee, Plaintiff,**

v.

**AmeriCredit, Defendant.**

**Bankruptcy No. 01–59267.**
**Adversary No. 01–02384.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 6, 2003.

Sara J. Daneman, Gahanna, OH, for Plaintiff/Trustee.

Richard D. Bringardner, Columbus, OH, for Defendant.

### OPINION AND ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of plaintiff Sara J. Daneman (the "Trustee"), the chapter 7 trustee for this bankruptcy estate, for a summary judgment declaring the lien asserted by defendant AmeriCredit Financial Services, Inc. ("AmeriCredit") to be invalid. AmeriCredit opposed the motion.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(F).

The Trustee commenced this action to avoid AmeriCredit's security interest in a certain motor vehicle owned by the debtor on the date of the debtor's bankruptcy filing. The Trustee maintains that this security interest was unperfected as of the petition date. As a result, the Trustee believes that the granting of this security interest constitutes a preference which she may avoid under 11 U.S.C. § 547(b). AmeriCredit denies that its security interest was unperfected.

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy rule 7056. It permits a claimant to move, with or without affidavits, for a summary judgment in the claimant's favor. Fed.R.Civ.P. 56(a). If the Court then determines that no genuine issues of material fact exist and that the claimant is entitled to judgment as a matter of law, the Court shall grant the motion. Fed.R.Civ.P. 56(c).

The debtor purchased a 1997 Oldsmobile Aurora in New York from New Roc City Dodge, Inc. on March 22, 2001. The debtor obtained financing for the purchase of this automobile and executed a retail installment contract. The contract granted a security interest in the automobile.

The loan was subsequently assigned to AmeriCredit. AmeriCredit filed a registration transmittal form with the New York Department of Motor Vehicles on April 10, 2001. Thereafter, on June 8, 2001, the department issued a notice of recorded lien listing AmeriCredit as a lienholder on the 1997 Oldsmobile Aurora.

On June 25, 2001, after leaving New York with the automobile, the debtor obtained a new certificate of title issued by the State of Ohio. This new title did not bear the notation of AmeriCredit's lien. On August 7, 2001, the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code in this Court.

The Trustee claims that once the Ohio title was issued, New York law ceased to govern the perfection or nonperfection of AmeriCredit's lien. Instead, she cites former section 1309.03(B)(2) of the Ohio Revised Code as the controlling law.

Except as provided in this division, perfection and the effect of perfection or nonperfection of the security interest are governed by the law, including the conflicts of law rules, of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond the surrender of the certificate.

Former Ohio Rev.Code Ann. § 1309.03(B)(2)(Anderson 2000).

The Trustee apparently takes the position that the New York title must have been surrendered at the time the Ohio title was issued. If this was not, in fact, the case, New York law could have applied until four months had passed from the date the automobile was removed from New York. The date of removal remains an issue of fact. There is also the question of what effect the bankruptcy filing had on this provision should the four months not have run prior to the petition date. Thus, the date of removal and whether the New York title was surrendered may present genuine issues of material fact.

If the Trustee prevails on these issues, AmeriCredit lien would be unperfected because Ohio law required the lien to be noted on the certificate of title. *See* Ohio Rev.Code Ann. § 4505.13 (Anderson 2002). She could then (assuming all other elements have been met) avoid the lien as a preference since the granting of the security interest to AmeriCredit will be deemed to have occurred immediately be-

fore the date of filing of the debtor's petition. *See,* 11 U.S.C. § 544(e)(2)(C).

AmeriCredit denies that former Ohio Rev.Code § 1309.03(B)(2) applies or that New York law ceased to govern this transaction. AmeriCredit cites to former Ohio Revised Code § 1309.03(B)(1) which provides:

> This division applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate of title is required as a condition of perfection.

Former Ohio Rev.Code Ann. § 1309.03(B)(1)(Anderson 2000).

AmeriCredit maintains that New York law does not require the notation of a lien on a certificate of title in order for that lien to be perfected. The original title was not issued under a statute of Ohio or of another jurisdiction where indication of a security interest on the title was required for perfection. Therefore, in AmeriCredit's view, former Ohio Rev.Code § 1309.03(B)(2) is inapplicable, and New York law never ceased to govern this transaction.

Section 2118(a) of New York's Vehicle and Traffic Law provides that "[a] purchase money security interest in a vehicle is perfected against the rights of judicial lien creditors and execution creditors on and after the date such purchase money security interest is created." N.Y. Veh. & Traf. Law § 2118(a)(McKinney 2002). "A security interest in a vehicle provided for in a security agreement made by a person before he becomes the owner of the vehicle... [i]s deemed to be created at the time of the sale or transfer of the vehicle to him." N.Y. Veh. & Traf. Law § 2118(b)(2)(A).

The Court determines that a genuine issue of material fact exists with respect to when AmeriCredit's purchase money security interest was created; and, hence when its lien was or was not perfected under applicable New York law. Furthermore, the court concludes that the Trustee has not shown as a matter of law that the issuance of the Ohio certificate of title with no lien notation resulted in the "unperfection" of AmeriCredit's lien.

While the parties disagree as to whether Ohio law or New York law should apply to this transaction, they seem to agree that revised Article 9 of the Uniform Commercial Code has no application. Revised Article 9 became effective in both states on July 1, 2001. *See* N.Y. U.C.C. Law § 9–701 (McKinney Supp.2002) and Ohio Rev. Code Ann. § 1309.702 (Anderson 2002). Since this effective date came before the filing of the debtor's bankruptcy, the Court believes that revised Article 9 arguably applies. *Cf. In re Iroquois Energy Mgmt.,* 284 B.R. 28, 30 (Bankr.W.D.N.Y.2002) (because the debtor filed its petition *before* the effective date of the revision, the former provisions of Article 9 would apply).

Special provision is made in revised Article 9 for goods covered by a certificate of title. As defined by Article 9, a " '[c]ertificate of title' means a certificate of title with respect to which a statute provides for the security interest in question to be indicated on the certificate as a condition or result of the security interest's obtaining priority over the rights of a lien creditor with respect to the collateral." U.C.C. § 9–102(10). This definition clearly includes certificates of title issued pursuant to statutes that require notation on the certificate to perfect a security interest, such as Ohio's § 4505.13(B). The definition is also broad enough to include those statutes such as N.Y. Vehicle & Traffic Law § 2118 that "contemplate notation but

provide that perfection is achieved by another method." U.C.C. § 9–303 cmt. 2.

Section 9–311 provides that, when goods are covered by a certificate-of-title statute (as motor vehicles in both New York and Ohio are), compliance with that statute's requirements is the only way to perfect a security interest. U.C.C. 9–311(b). To determine which state's certificate-of-title statutes govern, we look to the choice of law rules in § 9–303, which provides in relevant part:

> The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods...from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title.

U.C.C. § 9–303(c). "Goods become 'covered' by a certificate of title when a valid application for the certificate of title and the applicable fee are delivered to the appropriate authority." U.C.C. § 9–303(b). Goods "cease to be covered" by a certificate of title when (1) the certificate of title ceases to be effective under the law of the issuing jurisdiction or (2) the goods become covered by a subsequent certificate issued by another jurisdiction, whichever is earlier. U.C.C. § 9–303(b). Therefore, the New York certificate of title ceased to cover debtor's vehicle as soon as the subsequent certificate of title was issued by Ohio, at which time the Ohio certificate covered the vehicle, and Ohio law governed perfection.

Official comment 4 to O.R.C. § 1309.303, however, states that "[t]he fact that the law of one State ceases to apply under subsection (b) does not mean that a security interest perfected under that law becomes unperfected automatically." Continued perfection following a change in governing law (moving from one state to another) is addressed by O.R.C. § 1309.316:

> Except as otherwise provided in division (E) of this section, a security interest in goods covered by a certificate of title that is perfected by any method under the law of another jurisdiction when the goods become covered by a certificate of title from this state remains perfected until the security interest would have become unperfected under the law of the other jurisdiction had the goods not become so covered.

Ohio Rev.Code Ann. § 1309.316(D)(Anderson 2002). (Division (E) applies to purchasers for value and is inapplicable to the instant case.) Therefore, if the Defendant AmeriCredit had properly perfected its security interest in the Debtor's vehicle under New York law, and that perfection was still in effect when the Ohio certificate of title was issued, that security interest remains perfected until it would have become unperfected under New York law.

Based on the foregoing, the Court determines that genuine issues of material fact exist and that the Trustee is not entitled to judgment as a matter of law. The Trustee's motion for summary judgment is, therefore, **DENIED**.

**IT IS SO ORDERED.**